J-S38011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC BROWN | : | |
| | : | |
| Appellant | : | No. 1990 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 3, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0004674-2019

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 30, 2025**

Appellant, Eric Brown, appeals from his judgment of sentence of 5-10 years' imprisonment for involuntary deviate sexual intercourse with a child, aggravated indecent assault against a person less than thirteen years old, and indecent assault against a person less than thirteen years old. Appellant argues that the trial court erred by admitting into evidence the victim's out-of-court statements to her mother, sister and forensic interviewer. We affirm.

The evidence adduced during trial demonstrates that in January 2019, the twelve-year-old victim, E.R., moved into a new home in the northeast section of Philadelphia along with her mother, her new stepfather, and her three sisters. At about the same time, Appellant, who was twenty-four years old and who was the son of E.R.'s stepfather, also moved into the home along with his fiancée, Courtney. Between February and May 2019, Appellant

_____

[*] Former Justice specially assigned to the Superior Court.

sexually abused E.R. approximately twenty times. During one incident, Appellant told E.R. that she could not "say anything" about what was going on because if she did it would "ruin" his life and cause his fiancée to leave him. N.T. 10/12/22, at 27. This statement posed a dilemma for E.R. because she realized there would be "consequences" not only for Appellant but also for her own mother and herself if she reported the abuse. *Id.* As E.R. explained, her mother was "really happy" in her new marriage to Appellant's father, and E.R. was afraid of "[r]uining my family." *Id.*

In May 2019, Appellant and his fiancée moved out of the house after Appellant and E.R.'s mother argued about Appellant's use of air conditioning. After Appellant moved out of the house, E.R. "felt safer" and believed Appellant "didn't have much more of a restraint on me." *Id.* at 38. This led E.R. to believe she "could finally talk to somebody about it [the abuse]." *Id.* Five days after Appellant left, E.R. told her thirteen-year-old sister M.R., along with M.R.'s friend, about the abuse while the three were walking home from a neighborhood convenience store. After the three returned home, E.R. told her mother about the abuse. E.R.'s mother immediately telephoned the police, and E.R. was brought to the police department's Special Victims Unit. That same day, E.R. provided a videotaped statement to a forensic interviewer, Leslie Santos, describing the abuse.

On July 3, 2019, the Commonwealth filed an information charging Appellant with sexual offenses. On July 21, 2020, the Commonwealth filed notice of its intention to proceed at trial under the Tender Years Hearsay Act

("TYHA"), 42 Pa.C.S.A. § 5985.1. The Commonwealth stated that it intended to introduce evidence establishing that E.R. told her sister, her mother, and forensic interviewer Santos that Appellant had sexually assaulted her on numerous occasions. On August 19, 2020, Appellant filed a motion *in limine* opposing the Commonwealth's request to present TYHA evidence.

On May 11, 2021, the Honorable Genece Brinkley convened a hearing to address the parties' pretrial motions. With regard to Appellant's motion *in limine*, Judge Brinkley stated that "[t]he case law provides for these as prompt complaint statements" and asked if there was "any case law to the contrary." N.T., 5/11/21, at 29-30. Defense counsel responded that "the case law [he was] referring to has to do with under tender years hearsay and the reliability." *Id.* at 30.

Subsequently, Judge Brinkley repeated that E.R.'s statements to her mother were admissible as prompt complaints. *Id.* at 51 ("[N]o, that is prompt complaint. That is part of prompt complaint. That would be admitted"). Defense counsel responded, "Understood, Your Honor. Moving on." *Id.* The Commonwealth stated that there was the "same issue with [E.R.'s] sister." *Id.* Judge Brinkley replied: "Okay. All the prompt complaint witnesses can testify about hearsay about what the complainant told them. All of those are permitted by the rules of evidence and the case law. Okay. So we dealt with the motion in limine. . ." *Id.*

Near the end of the hearing, the Commonwealth stated with regard to its notice of intent to present TYHA evidence:

- 3 -

> There has been a motion for tender years, the Commonwealth's, the only motion filed on the Commonwealth's end, that I believe should be held under advisement until the complainant testifies which would change the nature of what items would be admissible. As I indicated previously, I do not anticipate any issues with the complainant testifying which would, therefore, make all of the prompt disclosure and tender years statements admissible.

*Id.* at 69. Judge Brinkley responded, "And as I indicated, we are going to handle that on the day of trial." *Id.*

Over one year later, on October 5, 2022, a trial readiness conference took place before the Honorable Mia Perez.[1] The conference was not transcribed. A docket entry pertaining to the conference states, "Trial Date of 10/11/22 Rm :801 to remain. No interpreter, 3-4 day Trial, 6-7 witnesses and No Motions. Offer is rejected and Defense is in agreement to Commonwealth Tender [Y]ears Motion. Defendant is present and signed subpoena."

One week later, Appellant proceeded to a jury trial before the Honorable Stephanie Sawyer. There was no pretrial hearing concerning the admissibility of THYA evidence. E.R. testified concerning the acts of abuse that Appellant perpetrated against her. N.T. 10/12/22, at 7-68. Defense counsel cross-examined E.R. with an entry in her diary in which she had written that her sister R.J. asked her if Appellant "had ever did anything weird like inappropriate." *Id.* at 45-49. E.R. wrote in the entry that she "lied and said no." *Id.* Defense counsel

---

[1] Judge Perez subsequently left the Philadelphia bench in order to become a federal judge on the United States District Court for the Eastern District of Pennsylvania.

also cross-examined E.R. with certain statements she made during her videotaped interview with the forensic interviewer. *Id.* at 55-60.

Following E.R.'s testimony, the Commonwealth presented E.R.'s mother and sister M.R. as witnesses. They both testified that E.R. had reported Appellant's abuse to them. *Id.* at 104-07, 125-30. The Commonwealth also played the non-redacted portions of E.R.'s videotaped statement to the forensic interviewer in which E.R. described Appellant's abuse. *Id.* at 142-44. Appellant did not object to the admission of any of this evidence (except for minor objections, such as E.R.'s mother's use of the term "I think").

At the conclusion of trial, the jury found Appellant guilty of the above offenses. On March 3, 2023, the court imposed sentence. Appellant filed timely post-sentence motions which were denied by operation of law on July 5, 2023. Appellant filed a timely appeal to this Court, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue in this appeal:

Did Judge Brinkley err in authorizing the admission of out-of-court statements made by the accuser, E.R., to her sister, mother, and a forensic interviewer where:

(A) the out-of-court statements did not constitute "prompt complaint" statements—the evidentiary purpose for which Judge Brinkley admitted the statements;

(B) the out-of-court statements were otherwise inadmissible pursuant to 42 Pa.C.S.[A.] § 5985.1, [the TYHA], because neither Judge Brinkley nor any other jurist found, after convening a required *in camera* hearing, that each out-of-court statement was relevant and that the time, content and circumstances of each

out-of-court statement provided sufficient indicia of reliability; and

(C) the out-of-court statements were otherwise inadmissible under any recognized exception to the rule against hearsay?

Appellant's Brief at 3.

Appellant argues that E.R.'s out-of-court statements to her mother and her sister were not admissible as prompt complaint or TYHA evidence. The Commonwealth responds that Appellant waived these arguments. We agree with the Commonwealth that Appellant waived his objection to admission of E.R.'s out-of-court statements as TYHA evidence.

The TYHA provides in relevant part:

(1) An out-of-court statement made by a child victim or witness, who at the time the statement was made was 16 years of age or younger, describing any of the offenses enumerated in paragraph (2), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(i) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(ii) the child either:

(A) testifies at the proceeding; or

(B) is unavailable as a witness.

42 Pa.C.S.A. § 5985.1(a)(1). The TYHA requires that in order for a child victim's or child witness's out-of-court statement to be admissible during trial, (1) the court must first conduct an *in camera* hearing in which it determines

- 6 -

that this evidence is relevant and admissible, and (2) the child either testifies during trial or is unavailable as a witness.

In this case, two years before trial, the Commonwealth filed notice of its intent to present TYHA evidence against Appellant. One year before trial, Judge Brinkley stated during a pretrial hearing that the TYHA issue would be addressed on the day of trial. A docket entry one week before trial, however, indicates that during a trial readiness conference, defense counsel was "in agreement" with the Commonwealth's intention to present TYHA evidence. There was no *in camera* TYHA hearing prior to trial. Nor did defense counsel object during trial to the admission of TYHA evidence during the testimony of E.R.'s mother and sister or during E.R.'s videotaped statement to the forensic interviewer. This chain of events, viewed collectively, demonstrates that Appellant waived his objection to TYHA evidence by failing to seek an *in camera* TYHA hearing or object to this evidence during trial.[2] **See Commonwealth v. Flor**, 998 A.2d 606, 636 (Pa. 2010) (failure to object to testimony when introduced during trial resulted in waiver of issue on appeal).

The only questions in this appeal are whether E.R.'s statements to her mother and sister were admissible as prompt complaints and whether

_____

[2] The Commonwealth also contends that we should conclude that the evidence satisfies all elements of the TYHA. We cannot perform this analysis because the TYHA requires the trial court—not an appellate court such as this Court— to assess the reliability of an evidence following an *in camera* hearing. 42 Pa.C.S.A. § 5985.1(a)(1)(i). We decline to substitute our own view of the reliability of the evidence in place of the trial court.

- 7 -

Appellant waived his objection to this evidence under the TYHA. Since we have determined that Appellant waived his objection to admission of this evidence under the TYHA, it is unnecessary to address whether the same evidence is admissible under the prompt complaint doctrine or whether Appellant waived his objection to prompt complaint evidence.

Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2025